# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**AMAN DEEP SINGH,**

    **Petitioner,**

    v.                                            Case No. 14-CV-122

**PAUL KEMPER,**

    **Respondent.**

## ORDER ON MOTION FOR RELEASE PENDING RESOLUTION OF THE PETITION FOR WRIT OF HABEAS CORPUS

On March 7, 2014, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Honorable Judge Adelman screened Petitioner Singh's petition for a writ of habeas corpus, allowed it to proceed, and ordered the respondent to file responsive pleadings. (Docket # 6). The parties consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General L.R. 73 (E.D. Wis.), and the case was transferred to me on March 19, 2014.

Presently before me is Singh's motion for bail pending resolution of his habeas petition. (Docket # 3.) A court does have the inherent authority to grant release to a habeas petitioner while a petition is pending review. *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985). However, a prisoner in a habeas case must meet a more demanding standard than the one under the Bail Reform Act. *Id*. As the Seventh Circuit emphasized in *Cherek*, the power to grant bail pending review of a habeas petition should be exercised sparingly. The Seventh Circuit further explained as follows:

> The reasons for parsimonious exercise of the power should be obvious. A defendant whose conviction has been affirmed on appeal . . . is unlikely to have been convicted unjustly; hence the case for bail pending resolution of his postconviction proceeding

> is even weaker than the case for bail pending appeal. And the interest in the finality of criminal proceedings is poorly served by deferring execution of sentence till long after the defendant has been convicted.

*Id*. Singh argues that the interest of finality is not undermined here because no court has addressed the merits of the issue presented—that the review of his probation revocation was unreasonably delayed. Instead, Singh argues that the courts dismissed his claim on erroneous procedural grounds.

Even though Singh's petition presents issues not about his conviction but rather about his probation revocation, Singh "must show 'not only a substantial federal claim that presents not merely a clear case on the law, but a clear, and readily evident, case on the facts.'" *Bergmann v. McCaughtry*, 857 F. Supp. 640, 641(E.D. Wis. 1994) (internal citation omitted). Singh also has to "establish the existence of some circumstance which makes the request for bail exceptional and deserving of special treatment in the interest of justice." *Id.* (internal citations omitted). Though Singh presents a cognizable claim, I cannot say that it is "readily evident" on the facts offered thus far. That is, though Singh presents a colorable constitutional claim, at this juncture, it is not "readily evident" that his petition should be granted. Additionally, Singh has not presented any circumstance that "makes [his] request for bail exceptional and deserving of special treatment in the interest of justice." Therefore, I will deny his motion for bail.

In sum, Singh has not met the stringent standard for release pending review of his petition for a writ of habeas corpus. Therefore, his motion (Docket # 3) is **DENIED**.

**IT IS SO ORDERED**.

Dated at Milwaukee, Wisconsin this 28th day of March, 2014.

                                              BY THE COURT

                                        *s/Nancy Joseph*
                                        NANCY JOSEPH
                                        United States Magistrate Judge