# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**AMAN DEEP SINGH,**

    **Petitioner,**

    **v.**          Case No. 14-CV-122

**PAUL KEMPER,**

    **Respondent.**

## ORDER ON PETITIONER'S MOTION TO AMEND HIS PETITION

The petitioner, Aman Deep Singh ("Singh"), has filed a motion to amend his petition for a writ of habeas corpus. (Docket # 13.) The State has responded to the motion. (Docket # 24.) For the reasons that follow, Singh's motion to amend his petition is denied.

In his petition, Singh challenges his probation revocation and the state court's denial of his petition for a writ of certiorari. (*See* Docket # 1.) In his motion, Singh wishes to add a claim that he did not knowingly and intelligently waive his right to appellate counsel. (Docket # 13.) However, a review of the Wisconsin Court System Circuit Court Access ("CCAP"), as well as Exhibit B to the State's response, shows that Singh is currently litigating this claim in state court. The circuit court denied his motion, and on October 29, 2014, Singh filed a notice of appeal. The claim, therefore, is not exhausted and is prematurely presented.

The rule on exhaustion is that federal courts may not entertain a petition from a prisoner in state custody unless the petitioner has exhausted his state remedies. 28 U.S.C. § 2254(b)(1)(a). A claim is not considered exhausted if the petitioner "has the right under the law of the State to raise,

by any available procedure, the question presented." 28 U.S.C. § 2254(c). With some exceptions, a petition for writ of habeas corpus should be dismissed if state remedies have not been exhausted as to any one of the petitioner's federal claims. *See Rhines v. Weber*, 544 U.S. 269, 277-78 (2005); *Cruz v. Warden of Dwight Corr. Ctr.*, 907 F.2d 665, 667 (7th Cir. 1990). Exhaustion also requires a petitioner to have "fairly presented" his claims to each level of the state courts. To do so, the petitioner must present both the operative facts and the controlling legal principles to that court. *Verdin v. O'Leary*, 972 F.2d 1467, 1474 (7th Cir. 1992). In addition, the petitioner must invoke one complete round of the normal appellate process, including seeking discretionary review before the state supreme court. *McAtee v. Cowan*, 250 F.3d 506, 508-09 (7th Cir. 2001).

As noted above, the claim that Singh wishes to add to his petition has been appealed to the Wisconsin Court of Appeals following the denial of his motion to withdraw his plea in Waukesha County case number 2008CF1368. (*See* Docket # 24-1, Docket # 24-2.) Though the relief Singh seeks is the withdrawal of his plea, his claim that he did not knowingly and intelligently waive his right to appellate counsel is presented as a "sufficient reason" to overcome a procedural bar. *See* Wis. Stat. § 974.06(4). That claim, therefore, is central to his currently pending § 974.06 motion. I also note that he states in his motion to amend that he did not appeal his conviction or otherwise raise this issue in the state courts, so it is not an issue that has been exhausted through previous appeals. Therefore, the claim Singh wishes to add to his petition is not exhausted. Accordingly, the motion to amend the petition is denied.

Therefore, Singh's motion to amend his petition (Docket # 13) is **DENIED**.

Dated at Milwaukee, Wisconsin this 7th day of November, 2014.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge