# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

AMAN DEEP SINGH,

    **Petitioner,**

    v.                                                      Case No. 14-CV-122

PAUL KEMPER,

    **Respondent.**

## DECISION AND ORDER DENYING PETITION FOR WRIT
## OF HABEAS CORPUS AND DISMISSING CASE

      The petitioner, Aman Deep Singh ("Singh"), currently in Wisconsin custody through extended supervision, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Singh challenges the constitutionality of his appeal to the circuit court following the administrative revocation of his probation. The parties have briefed the petition for a writ of habeas corpus and the petition is ready for disposition. For the reasons stated below, the petition for a writ of habeas corpus will be denied and the case dismissed.

## BACKGROUND

      Singh pled guilty and was convicted of obtaining a controlled substance by fraud in Waukesha County Circuit Court case number 08CF1368. (Habeas Petition, Docket # 1 at 1.) Singh was sentenced to three years of prison, comprised of 18 months of initial confinement and 18 months of extended supervision, which was stayed for three years of probation. (*Id.*) His probation was revoked on December 23, 2011. (*Id.* at 5.) Following the exhaustion of his administrative remedies, Singh filed a petition for a writ of certiorari in Waukesha County Circuit Court (cases 2012IP1 and

2012CV664) in February 2012.[1] The petition was dismissed on July 9, 2012 for failure to diligently prosecute. (*Id.*; *see also* Ct. App. Summary Disp. in 2013AP572, Docket # 1-3 at 2.) Several months later, Singh filed a motion to reopen his case, which the circuit court denied on November 20, 2012. (Docket # 1-3 at 2.) Singh subsequently filed a motion for reconsideration. (*Id.*) The circuit court held a hearing and denied Singh's motion by written order on March 4, 2013. (*Id.*) Thereafter, Singh appealed. (*Id.*) His appeal was timely only as to the March 4, 2013 order denying his motion for reconsideration. (*Id.* at 2, n.2.) Singh did not provide the court of appeals with a transcript of the hearing, as was his responsibility, and the court of appeals upheld the circuit court's denial of his motion for reconsideration, stating, "[g]iven the state of the record in this case, we cannot say that the circuit court erroneously exercised its discretion." (*Id.* at 3.) Following the denial of his petition for review with the Wisconsin Supreme Court, Singh filed the instant petition.

## STANDARD OF REVIEW

Singh's petition is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254. Under AEDPA, if a state court adjudicated a constitutional claim on the merits, a federal court may grant habeas relief only if the state court decision was contrary to, or involved an unreasonable application of, Supreme Court precedent or if the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the state proceeding. 28 U.S.C. § 2254(d); *see also Williams v. Taylor*, 529 U.S. 362, 376 (2000). In reviewing the merits of a petition for habeas relief, "[t]he relevant decision for purposes of our assessment is the decision of the last state court to rule on the merits of the petitioner's claim." *Charlton v. Davis*, 439 F.3d 369,

---

[1] The parties dispute whether the petition was filed on February 6, 2012 or February 24, 2012. For the purposes of my review, it is not necessary to determine when the petition was filed.

- 2 -

374 (7th Cir. 2006) (citing *McFowler v. Jaimet*, 349 F.3d 436, 446 (7th Cir. 2003)).

To be unreasonable, a state court ruling must be more than simply "erroneous" and perhaps more than "clearly erroneous." *Hennon v. Cooper*, 109 F.3d 330, 334 (7th Cir. 1997). Under the "unreasonableness" standard, a state court's decision will stand "if it is one of several equally plausible outcomes." *Hall v. Washington*, 106 F.3d 742, 748-49 (7th Cir. 1997). The petitioner bears the burden of proving that the state court's application of federal law was unreasonable, and the "unreasonable application" prong of § 2254(d) "is a difficult standard to meet." *Jackson v. Frank*, 348 F.3d 658, 662 (7th Cir. 2003).

**ANALYSIS**

The crux of Singh's argument focuses on the proceedings at the circuit court level. Singh contends that the circuit court failed to properly screen his petition. In turn, he argues, he was unable to serve the respondent, and the court's dismissal for failure to diligently prosecute therefore denied him due process. The respondent argues that Singh raises no issues of Constitutional or federal law and is therefore not entitled to habeas relief.

For purpose of federal habeas review, "the operative decision under review is that of the last court to address a given claim on the merits." *See Harris v. Thompson*, 698 F.3d 609, 623 (7th Cir. 2012). When a "state court does not reach a federal issue because of a state procedural bar, the issue cannot be raised" in a federal writ for habeas corpus unless the petitioner can show cause and prejudice. *Jenkins v. Nelson*, 157 F.3d 485, 491 (7th Cir. 1998) (citing *Wainwright v. Sykes*, 433 U.S. 72, 90-91 (1977)). In that case, the petitioner is deemed to have procedurally defaulted. In order to conclude that a petitioner has procedurally defaulted a claim due to an adequate and independent state ground, I "must be convinced that the last state court to consider the question actually relied"

on a procedural ground "as the basis for its decision." *Braun v. Powell*, 227 F.3d 908, 912 (7th Cir. 2000) (internal citations omitted). The state court's reliance on a procedural rule therefore must be explicit. *See id.* Furthermore, "the state's procedural rule must be both 'firmly established and regularly followed,'" applied consistently and frequently, and will not be an adequate ground for procedural default "if the prisoner 'could not fairly be deemed to have been apprised of its existence' at the time [he] acted." *Id.* (internal citations omitted).

In examining the record, it is clear that the last state court decision—that of the court of appeals—rests on procedural, rather than substantive, grounds. Specifically, the Wisconsin Court of Appeals, citing *State ex rel. Darby v. Litscher*, 2002 WI App 258, ¶ 5 n.4, 258 Wis. 2d 270, 653 N.W.2d 160, affirmed the circuit court summarily because Singh failed to follow a procedural rule by not including a transcript of the hearing on his motion. (Docket # 21-9 at 3.) The basis of the court of appeals' decision was Singh's failure to create an appellate record, so the remaining question is whether the rule is "firmly established and regularly followed." The *Darby* case cites *Fiumefreddo v. McLean*, 174 Wis. 2d 10, 26-27, 496 N.W.2d 226, 232 (Ct. App. 1993), both of which have been consistently cited for the procedural rule that an appellant is required to create the record on appeal. The appellant's responsibility to supply the transcript is also found in Wis. Stat. § 809.11(4). I find that the rule is one that is firmly established and regularly followed and that Singh could fairly be deemed to have been apprised of its existence. Therefore, the court of appeal's decision relied on an adequate and independent state ground and Singh's claim is procedurally defaulted. *See Aliwoli v. Gilmore*, 127 F.3d 632, 634-35 (7th Cir. 1997).

Though generally "federal courts 'will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal

question and adequate to support the judgement,'" *id.* at 634 (citing *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)), a federal claim can be reviewed where the petitioner is able to demonstrate cause and prejudice for his default or show that a court's failure to examine a claim will result in a fundamental miscarriage of justice, *id.* (citing *Coleman,* 501 U.S. at 750). The cause and prejudice exception requires that the petitioner show "that some type of external impediment prevented [him] from presenting his federal claim to the state courts" to prove cause. *Id.* (citing *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986)). In order to establish prejudice, the petitioner must show that "the violation of [his] federal rights 'worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Lewis*, 390 F.3d at 1026 (citing *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original)). The miscarriage of justice exception requires that the petitioner "show that he is actually innocent of the offense for which he was convicted, i.e., that no reasonable juror would have found him guilty of the crime but for the error(s) that he attributed to the state court." *Lewis*, 390 F.3d at 1026 (citing *Schlup v. Delo*, 513 U.S. 298, 327-29 (1995)).

Here, Singh has presented no evidence that some external impediment prevented him from complying with the appellate rules and providing a copy of the transcript. Similarly, Singh has not offered any argument that failure to consider this issue will result in a fundamental miscarriage of justice. Therefore, he cannot overcome procedural default, and I cannot reach the merits of his claim.

## CERTIFICATE OF APPEALABILITY

According to Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a

constitutional right, the petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, and n.4).

When issues are resolved on procedural grounds, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Each showing is a threshold inquiry; thus, the court need only address one component if that particular showing will resolve the issue. *Id.* at 485.

Jurists of reason would not disagree that Singh's petition is procedurally defaulted due to the last state court decision being decided on adequate and independent state grounds. Therefore, no certificate of appealability will issue. Of course, Singh retains the right to seek a certificate of appealability from the court of appeals on these claims. *See* Fed. R. App. P. 22(b).

**ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the petitioner's petition for a writ of habeas corpus (Docket # 1) be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** on Singh's due process claim;

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED**;

**FINALLY, IT IS ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 29th day of January, 2015.

                        BY THE COURT

                        *s/Nancy Joseph*
                        NANCY JOSEPH
                        United States Magistrate Judge