# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**AMAN DEEP SINGH,**

    **Petitioner,**

  **v.**                                                                                      **Case No. 14-CV-122**

**PAUL KEMPER,**

    **Respondent.**

## ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION

On February 5, 2014, the petitioner, Aman Deep Singh ("Singh") filed a petition for a writ of habeas corpus. (Docket # 1.) On January 29, 2015, I denied Singh's petition and dismissed the case. (Docket # 30.) Presently before me is Singh's motion for reconsideration, which I construe as a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). *See Taylor v. Wexford Health Services, Inc.*, 465 Fed. Appx. 561, 562 (7th Cir. 2012) (citing *Ho v. Taflove*, 648 F.3d 489, 495 nn. 4-5 (7th Cir. 2011) (finding the district court correctly deemed a motion for reconsideration to be a motion pursuant to Fed. R. Civ. P. 59(e) (rather than Fed. R. Civ. P. 60(b)) when filed less than 28 days after the entry of judgment).

Rule 59(e) allows a party to move the court for reconsideration of a judgment within 28 days following the entry of the judgment. A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656 (N.D. Ill. 1982), *aff'd* 736 F.2d 388 (7th

Cir. 1984)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F.Supp. 1063, 1069 (N.D. Ill. 1997)). Apart from manifest errors of law, "reconsideration is not for rehashing previously rejected arguments." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). Whether to grant a motion for reconsideration "is left to the discretion of the district court." *Id.*

In his motion for reconsideration, Singh does not present any newly discovered evidence. Therefore, the question is whether the decision and order contained a "manifest error of law or fact." Singh argues that my finding that his petition was procedurally defaulted because the last reviewing court's decision was based on adequate and independent state grounds is incorrect in two respects. First, he argues that the state procedural rule—that an appellant is responsible for providing the record to the court of appeals—is not consistently applied to similar claims. Second, he argues that the procedural rule is arbitrarily applied to the facts of his case.

In deciding to dismiss Singh's petition for a writ of habeas corpus, I found that Singh had procedurally defaulted his claim and that he could not overcome that default. As I outlined in my decision, a petitioner procedurally defaults a claim when the last reviewing state court relied on a state procedural ground and therefore did not reach a federal issue. *See Jenkins v. Nelson*, 157 F.3d 485, 491 (7th Cir. 1998) (citing *Wainwright v. Sykes*, 433 U.S. 72, 90-91 (1977)); *Harris v. Thompson*, 698 F.3d 609, 623 (7th Cir. 2012) ("[T]he operative decision under review is that of the last court to address a given claim on the merits."). The court must find that the state court did in fact rely on the procedural rule; its reliance on the rule must be explicit. *See Braun v. Powell*, 227 F.3d 908, 912 (7th

Cir. 2000) (internal citations omitted). Additionally, "the state's procedural rule must be both 'firmly established and regularly followed,'" applied consistently and frequently, and will not be an adequate ground for procedural default "if the prisoner 'could not fairly be deemed to have been apprised of its existence' at the time [he] acted." *Id.* (internal citations omitted).

The initial question in determining if the last reviewing state court's decision rests on adequate and independent state grounds is therefore which rule was relied upon in the decision. In Singh's case, the rule used in the court of appeals' decision was that the "appellant . . . [is] responsible for ensuring that the record is complete on appeal." (Docket # 21-9 at 3.) As stated in my decision denying his petition for a writ of habeas corpus, this rule is widely followed. The court of appeals cited *State ex rel. Darby v. Litscher*, 2002 WI App 258, ¶ 5 n.4, 258 Wis. 2d 270, 653 N.W.2d 160, which cites to *Fiumefreddo v. McLean*, 174 Wis. 2d 10, 26-27, 496 N.W.2d 226, 232 (Ct. App. 1993). Both cases, particularly *Fiumefreddo*, have been consistently cited for the procedural rule that an appellant is required to create the record on appeal.

In support of his argument that the procedural rule is not consistently applied to similar claims, Singh offers *State ex rel. McMillian v. Dickey*, 132 Wis. 2d 266, 392 N.W.2d 453 (Ct. App. 1986), *abrogated by State ex rel. Coleman v. McCaughtry*, 2006 WI 49, 290 Wis. 2d 352, 714 N.W.2d 900. Singh argues that *McMillian* stands for the proposition that, in short, a transcript was not necessary because the court of appeals would be addressing his due process claim "independent of the trial court's conclusions." *Id.* at 281, n. 15. However, this case does not stand for the proposition that no transcript is needed on appeal in cases regarding due process violations during the review of revocation orders. Rather, *McMillian* addresses which standard of review should apply when the Wisconsin Court of Appeals is reviewing the denial of a state petition for a writ of habeas corpus. It

also does not stand for the proposition that the rule cited by the court of appeals in Singh's case does not exist or that it is not being consistently applied. The reason that the transcript was not dispositive for appellate review in *McMillian* was because of the level of review in that case and the particular facts in *McMillian* itself.

Singh views the question of whether a rule is consistently and frequently followed too narrowly. He poses the question as whether the rule is applied in cases where the appellant is arguing that his due process rights were violated by the circuit court when he sought review of a revocation decision. The question, however, is much broader: is this rule consistently and frequently applied in appeals? As explained in my decision denying his petition and here, the answer to that question is yes. The rule is applied in many contexts. *See, e.g.*, *In re Soreh M.*, No. 2014AP1621, 2014 WL 7099061 (Wis. Ct. App. 2014) (applying rule in appeal from an order finding a minor is in need of protection or services); *Fouts v. Breezy Point Condominium Ass'n*, 2014 WI App 77, 355 Wis. 2d 487 (applying rule in appeal from order granting summary judgment); *State v. Ferguson*, 2014 WI App 48, 354 Wis. 2d 253, 847 N.W. 2d 900 (applying rule in appeal from ordering denying motion to withdraw guilty plea); *Manke v. Physicians Ins. Co. of Wisconsin, Inc.*, 2006 WI App 50, 289 Wis. 2d 750, 712 N.W.2d 40 (applying rule in appeal in medical malpractice case).

Singh also argues that the rule was arbitrarily applied to him because the transcript was not necessary for the resolution of the issues he presented on appeal. On the record before me, I cannot say that a transcript was not necessary. It is worth noting that Singh appealed from a denial of a motion for reconsideration where the court rejected his motion "for the reasons stated on the record." (Docket # 21-9 at 2.) Even though it could be true that the circuit court did not screen the petition,

order a return of the record, or order a response, the transcript of the hearing in which Singh's motion for reconsideration was denied is still relevant to appellate review.

In sum, Singh has not shown that my decision denying his petition contained a manifest error of law or fact. As noted above, motions for reconsideration are not mechanisms for parties to re-litigate their previously made arguments. *See Caisse Nationale de Credit Agricole*, 90 F.3d at 1270. Therefore, Singh's motion for reconsideration is denied.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the petitioner's Motion for Reconsideration (Docket # 32) is **DENIED**.

Dated at Milwaukee, Wisconsin this 6th day of March, 2015.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge